HALL *v.* WILLIAMSON.

1. DESCENT AND DISTRIBUTION—HEIRS.
   The heirs of a married man who died leaving children were his widow and children (3 Comp. Laws 1915, § 11795.)

2. WILLS—SALE OF REALTY—CONDITION PRECEDENT.
   Testamentary direction that realty should not be sold during lifetime of testator's widow unless a majority of his heirs should so elect was not a power of sale conferred upon the executor under the will and was not violated where the widow and three of the six children conveyed the real estate.

3. SAME—REALTY—CONTRIBUTION FOR PAYMENT OF LEGACIES AND CHARGES.
   Devisees and legatees who obtained possession of real estate before all legacies and charges against the estate were paid became liable for contribution in case the personal property was insufficient to pay them (3 Comp. Laws 1929, § 15558).

4. NOTICE—RECORDED CONVEYANCES.
   Recorded conveyances of property of testate's estate gave legatees constructive notice of such conveyances.

5. APPEAL AND ERROR—FAILURE TO APPEAL—AFFIRMANCE OF DECREE.
   Decree in favor of unpaid legatees against devisees of realty, administrator, and his surety for contribution toward payment of legacies is not disturbed where such defendants have not appealed.

6. DEEDS—UNPAID LEGACIES—LACHES.
   Various recorded conveyances of half of real estate of estate in which plaintiffs had unpaid legacies will not be set aside after lapse of nearly 30 years from death of testator and over 20 years from first of chain of conveyances vesting title in persons not members of the family, plaintiffs' laches barring them from relief sought (3 Comp. Laws 1929, § 13300).

Appeal from Kalamazoo; Weimer (George V.), J. Submitted January 6, 1943. (Docket No. 32, Calendar No. 42,127.) Decided April 6, 1943. Rehearing denied June 7, 1943.

Bill by Mary F. Williamson Hall, Althea E. Williamson McKillop, and Ross Coller, administrator of the estate of James F. Williamson, deceased, against Federal Land Bank of St. Paul, Minnesota, a Federal corporation, and others for construction of a will, to impress a lien on land for payment of legacies, and for other relief. Decree for plaintiffs. Defendant Federal Land Bank appeals. Affirmed in part; reversed in part, and remanded.

*Jackson, Fitzgerald & Dalm* (*Francis L. Sage,* of counsel), for plaintiffs.

*Gordon Brewer* (*William E. Tarsney, Robert J. Barry,* and *Harold W. Lee,* of counsel), for defendant Federal Land Bank.

*Roscoe G. Goembel,* for defendants *Orrin Williamson* and *Cecil H. Thompson.*

BOYLES, C. J. Plaintiffs seek the construction of the will of one Andrew O. Williamson, and a decree that the legacies therein bequeathed to them be declared to constitute a lien on the lands of which the testator died seized, superior to any rights of the defendants therein. The bill of complaint asks that the court decree a sale of the lands to satisfy plaintiffs' legacies in the event of nonpayment within a reasonable length of time. The facts are not in dispute.

The will was executed in April, 1912. It gave the wife of the testator $300 a year during her lifetime, to be paid out of the income of his estate, and directed that after her death his property be divided as follows: $1,000 to each of his three children,

James, Mary and Althea, plaintiffs herein (James, now deceased, appearing by administrator); and, in a residue clause, the rest, residue and remainder of his estate, real, personal or mixed, was devised and bequeathed to his three sons, Morris, Clinton and Orrin, share and share alike. The testator died in July, 1912, the will was admitted to probate in 1912, and the estate has not been closed. Clinton, one of the residuary devisees, is the administrator with will annexed, and Orrin, another residuary beneficiary, is the sole surety on his bond. The testator's widow survived him 22 years, died in 1934, was paid her annuity in full during her lifetime. The debts and expenses have been paid. The $1,000 legacies to James and Althea have not been paid. The $1,000 legacy to Mary has been paid in part. No final account has ever been filed. The defendants herein are the two residuary devisees, Clinton and Orrin Williamson, and certain others who claim to have acquired rights in the real estate.

At the time of his death the testator was seized of approximately 208 acres of farm land in Kalamazoo and Barry counties. The essential purpose of plaintiffs in the present suit is to collect their legacies by impressing a lien on this real estate, and by a sale thereof. The court below decreed that plaintiffs' legacies were a lien on the testator's real estate and that, in default of payment thereof by Clinton and Orrin, the real estate be sold and the proceeds used to pay the legacies.

The defendant Federal Land Bank of St. Paul, claiming title to 104 acres of the real estate through conveyances executed by the surviving widow and the residuary devisees, is the only appealing party. In the court below, and again asserted here, appellant insists that plaintiffs do not have a lien on the real estate for payment of their legacies, either by express terms of the will or by operation of law, and

that in any event plaintiffs are now barred by their laches and by equitable estoppel from asserting such lien.

The will itself did not in express terms declare that plaintiffs' legacies should be considered a charge or a lien on the real estate. It merely directed that the real estate should not be sold during the lifetime of testator's wife unless a majority of his "heirs" should so elect. The widow was an heir of the testator. See Act No. 288, chap. 2, § 80, Pub. Acts 1939 * (Comp. Laws Supp. 1940, § 16289-2 [80], Stat. Ann. 1942 Cum. Supp. § 27.3178 [150]). The "heirs" of the testator, therefore, were his widow and his six children. His widow and three of the six children, namely, Clinton, Morris and Orrin, the residuary (and only) devisees, conveyed the real estate, and this inhibition against sale of real estate during the lifetime of his widow was not violated. This provision cannot be construed as a power of sale conferred upon the executor under the will. At most, it merely amounted to a negative inhibition against sale of the testator's real estate during the lifetime of his widow unless certain conditions were complied with.

Conceding for the purposes of this opinion that plaintiffs became entitled to a charge against the testator's real estate for payment of their legacies, their rights in that respect arose in 1912 when this will was admitted to probate and thus controlled the rights of the parties in the distribution of the testator's estate. Plaintiffs took no action toward asserting their present claim of lien until 1941 when this bill of complaint was filed for that purpose. In the interim, plaintiffs allowed the rights of strangers to

---

* The law in effect at time of testator's death as to who were heirs (3 Comp. Laws 1929, § 11975) was reenacted in respect involved here by the probate code cited above.—Reporter.

the estate to intervene, without protest. In 1918, Clinton and Orrin, two of the residuary legatees and devisees, paid Morris, the third, for his interest in the estate. In that year, by an exchange of deeds through third parties, Clinton, Orrin and Morris conveyed title to one half of the testator's real estate, 104 acres of land, to Clinton and wife, and conveyed the other 104 acres of the testator's real estate to Orrin. At that time Clinton and Orrin went into possession of these respective parcels and became liable for contribution in the event that the personal property should not be sufficient to pay all of the legacies and charges against the estate. Act No. 288, chap. 2, § 34, Pub. Acts 1939 * (Comp. Laws Supp. 1940, § 16289-2 [34], Stat. Ann. 1942 Cum. Supp. § 27.3178 [104]). These conveyances were recorded, plaintiffs had constructive notice of the same,† and it would seem that they should then have asserted their rights. In 1922, Clinton and wife, Orrin and wife, Morris and wife, and the third parties used in the conveyances in 1918, conveyed the 104 acres which had been thus previously conveyed to Orrin, by quitclaim deed to one Germain, a stranger to the previous proceedings. This is the 104 acres which is involved in the present litigation. We are not now concerned with the 104 acres held by Clinton. In 1923, the widow of the testator also released any claim in this 104 acres by a quitclaim deed to Germain. He thus held title to this 104 acres by conveyances from four of the seven "heirs" of the testator, namely, the widow and the three residuary devisees. Plaintiffs herein, who did not convey, were not devised any interest in the testator's real

---

* This section supersedes the law in effect at the time of testator's .death, see 3 Comp. Laws 1929, § 15558.—REPORTER.

†See 3 Comp. Laws 1929, § 13300 (Stat. Ann. § 26.543).—REPORTER.

estate. In 1923, Germain and wife mortgaged this 104 acres to the Federal Land Bank of St. Paul, appellant herein. All of these instruments were recorded in the office of the register of deeds and were notice to plaintiffs. In 1926, Germain conveyed this parcel of land to one Thompson, Thompson subsequently conveyed it to one Gault, and in 1928 Gault deeded it to one Stearns and wife. In 1934, Stearns and wife conveyed this land to the Federal Land Bank of St. Paul by quitclaim deed. All of these conveyances were recorded in the office of the register of deeds of the county where the land was situated, at approximately the time they were executed. In 1935, the Federal Land Bank of St. Paul sold this land to the defendants Scott A. and Mable E. Baker on executory land contract, and they have since been in possession. The grantees named in these several conveyances have been in continuous possession of this 104 acres since 1918. The record indicates that during this period of more than 20 years, until the present bill of complaint was filed in 1941, plaintiffs have not asserted any claim of lien or charge against this land. Their excuse is that the widow was entitled to $300 per year during her lifetime and that she lived until 1934. In the meantime, however, Clinton C. Williamson, as administrator with will annexed, filed an account in the estate in 1916, showing $2,115.26 in personal property in the estate after payment of debts and expenses. He has made no final accounting of the personal property or income from the real estate. Clinton and wife, apparently conceding that plaintiffs are entitled to contribution from them toward payment of their legacies, have not appealed from the decree of the court below directing sale of their land for that purpose. The decree also stands against Orrin. The record indicates that Clinton and Orrin do not now have sufficient

property to pay plaintiffs' legacies in full. The fault in allowing the estate to reach this condition lies between plaintiffs herein and Clinton, the administrator with will annexed, and his surety, Orrin. Equity does not require that these conveyances, beginning in 1918, recorded, and in effect for varying periods covering nearly 30 years since this will was admitted to probate, be now set aside to the extent of decreeing a sale of the 104 acres now in question, for plaintiffs' benefit. Plaintiffs have slept too long on their rights and their laches bars them from the relief they now seek. *Olitkowski* v. *St. Casimir's Savings & Loan Assn.,* 302 Mich. 303.

Some claim is made in the briefs of an error in description, which, if necessary, is subject to correction in the court below.

The decree is affirmed as to the land held by Clinton C. Williamson and wife, and set aside as to the land held by appellant, and the case remanded for further proceedings. Appellant will have costs.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.